**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION**

| | |
|---|---|
| **JAWBONE INNOVATIONS, LLC,** | Case No. 6:21-CV-00984-ADA |
| Plaintiff(s), | |
| v. | PATENT CASE |
| **APPLE INC.,** | JURY TRIAL DEMANDED |
| Defendant(s). | |

**DEFENDANT'S RENEWED MOTION TO DISMISS FIRST AMENDED COMPLAINT
PURSUANT TO FED. R. CIV. P. 12(b)(6) FOR FAILURE TO STATE A CLAIM**

**TABLE OF CONTENTS**

I. BACKGROUND ................................................................................................................... 3

II. LEGAL STANDARDS ........................................................................................................ 5

    A. Failure to State a Claim Under Rule 12(b)(6) ............................................................ 5

    B. Induced Infringement ................................................................................................. 6

    C. Willful Infringement .................................................................................................. 7

III. ARGUMENT ........................................................................................................................ 7

    A. Jawbone Innovations's Complaint Fails to State a Claim for Induced Infringement 7

    B. Jawbone Innovations's Complaint Fails to State a Claim for Willful Infringement  9

IV. CONCLUSION ................................................................................................................... 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Affinity Labs of Tex., LLC v. Toyota Motor N. Am. Inc.*,
   No. W:13-cv-365, 2014 WL 2892285 (W.D. Tex. May 12, 2014) (Smith, J.) ......................6, 9

*Angus v. Mayorkas*,
   No. 1:20-CV-00242-LY-SH, 2021 WL 4434932 (W.D. Tex. Sep. 24, 2021)
   (Hightower, J.) ..........................................................................................................................6

*Angus v. Mayorkas*,
   No. 1:20-CV-00242-LY-SH-64 (W.D. Tex. Nov. 4, 2021) (Yeakel, J) ...................................6

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009) ........................................................................................................5, 6, 11

*Bell Atl. Corp. v. Twombly*,
   550 U.S. 544 (2007) ................................................................................................................5, 6

*Bowlby v. City of Aberdeen, Miss.*,
   681 F.3d 215 (5th Cir. 2012) ...................................................................................................6

*Callwave Commc'ns LLC v. AT&T Mobility LLC*,
   No. 12-1701, 2014 WL 5363741 (D. Del. Jan. 28, 2014) .....................................................10

*Cevallos v. Silva*,
   541 F. App'x. 390 (5th Cir. 2013) ..........................................................................................6

*Cordance Corp. v. Amazon.com, Inc.*,
   639 F. Supp. 2d 406 (D. Del. 2009) .......................................................................................10

*Core Optical Techs., LLC v. Nokia Corp.*,
   No. SA-CV-1902-190-JAK-RAOX, 2020 WL 6126285 (C.D. Cal. Oct. 8,
   2020) .........................................................................................................................................8

*DSU Med. Corp. v. JMS Co., Ltd.*,
   471 F.3d 1293 (Fed. Cir. 2006) ...............................................................................................6

*Intell. Ventures I LLC v. Symantec Corp.*,
   234 F. Supp. 3d 601 (D. Del. 2017), *aff'd*, 725 F. App'x 976 (Fed. Cir. 2018) .....................10

*Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*,
   No. 6:20-CV-00317, 2021 WL 4555608 (W.D. Tex. Oct. 4, 2021) (Albright,
   J.) .....................................................................................................................................6, 7, 9

*Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*,
   No. 6:20-CV-008876, 2021 WL 3931910 (W.D. Tex. Sept. 1, 2021) (Albright,
   J.) ........................................................................................................................................7, 11

*Nobelbiz, Inc. v. Insidesales.com, Inc.*,
   No. 6:13-cv-360, 2014 WL 12378804 (E.D. Tex. Oct. 14, 2014) .............................................6

*Princeton Digital Image Corp. v. Ubisoft Ent. SA*,
   No. CV 13-335-LPS-CJB, 2017 WL 6337188 (D. Del. Dec. 12, 2017) ...................................8

*SRI Int'l, Inc. v. Cisco Sys., Inc.*,
   14 F.4th 1323 (Fed. Cir. 2021) .................................................................................................7

*Touchscreen Gestures, LLC v. Res.in Motion Ltd.*,
   No. 6:12CV263, 2013 WL 8505349 (E.D. Tex. Mar. 27, 2013) ...............................................9

*Vasudevan Software, Inc. v. TIBCO Software Inc.*,
   No. C 11-06638 RS, 2012 WL 1831543 (N.D. Cal. May 18, 2012) .........................................8

*WBIP, LLC v. Kohler Co.*,
   829 F.3d 1317 (Fed. Cir. 2016) .................................................................................................9

**Other Authorities**

Fed. R. Civ P. 12 ..............................................................................................................................5

Plaintiff Jawbone Innovations, LLC's ("Jawbone Innovations") allegations of indirect and willful infringement in the original complaint for patent infringement were missing necessary elements. Apple Inc. ("Apple") therefore filed a motion dismiss with prejudice Jawbone Innovations's indirect and willful infringement claims of the asserted patents.[1] In the motion to dismiss, Apple argued that Jawbone Innovations failed to allege facts showing Apple had pre-suit knowledge of the asserted patents. The bare suggestion, based on an online report, that third-party Envision IP **may have** contacted Apple about acquiring Jawbone, Inc.'s patents after the operating company's liquidation amounts to nothing more than wild speculation that is insufficient to allege Apple had the knowledge necessary for pre-suit indirect or willful infringement.

In an attempt to bolster its allegations that Apple had knowledge of the asserted patents, Jawbone Innovations filed a First Amended Complaint for Patent Infringement ("FAC") with more allegations regarding Apple's purported knowledge of the asserted patents.[2] The attempt fails. The FAC still does not adequately plead indirect or willful infringement.

In the FAC, Jawbone Innovations alleges that Apple listed the '091 patent in an information disclosure to the United States Patent Office. (FAC, ¶23.) That single allegation yields a string of speculations. According to Jawbone Innovations, because Apple is a "sophisticated technology company," Apple then investigated and discovered the '072 patent, which is a continuation of the '091 patent, and that alleged investigation then led to the alleged discovery of all other asserted patents, which have overlapping inventors. (FAC, ¶¶24-27.)

---

[1] The patents asserted in the original complaint are U.S. Patent Nos. 8,019,091; 7,246,058; 8,280,072; 8,321,213; 8,326,611; 10,779,080; 11,122,357; 8,467,543.

[2] In the FAC, Jawbone Innovations added to the suit U.S. Patent No. 8,503,691.

Jawbone Innovations also speculates that "as a sophisticated technology company," Apple monitored related patent filings and analyzed each of the asserted patents to determine how its products infringed at that time. (FAC, ¶29.) Other courts have rejected similar allegations as insufficient and entirely speculative. Because Jawbone Innovations's new allegations fail to lead to a plausible inference that Apple knew of the asserted patents, much less that Apple had the specific intent to induce infringement of those patents' claims, the FAC still does not sufficiently plead indirect and willful infringement, and those claims should be dismissed.

Jawbone Innovations's willful infringement allegations suffer from another shortcoming: they fail to allege facts that support an inference that Apple knew or should have known that its acts infringed the patents. Jawbone Innovations's mere recitation of the element that Apple knew or took deliberate steps to avoid learning that its acts infringe cannot suffice because this recitation amounts to a legal conclusion insufficient to establish willful infringement as plausible. Consequently, Jawbone Innovations's claims of indirect and willful infringement should be dismissed.

**I.     BACKGROUND**

Jawbone Innovations filed its original complaint against Apple on September 23, 2021, and the FAC on December 23, 2021. Jawbone Innovations alleges that each of Apple's iPhone, iPad, AirPods Pro, and HomePod products infringes one or more claims of eight asserted patents that Jawbone Innovations acquired from Jawbone Inc.—an entity that appears to have no relationship to Jawbone Innovations—after Jawbone Inc. was liquidated in 2017. (FAC, ¶22.) The asserted patents are generally directed to noise suppression and voice detection technology. (*Id.*, ¶¶ 32-46.) Jawbone Innovations alleges Apple willfully infringed the patents, and it also alleges Apple indirectly infringed the patents by "inducing others, including Apple's customers and end-users of the Accused Products, to directly infringe." (*See, e.g., id.*, ¶ 58.) Jawbone

3

Innovations's indirect infringement allegations are limited to induced infringement, as it does not allege indirect infringement in any other form.

Jawbone Innovations alleges that "(f)ollowing Jawbone, Inc.'s liquidation a host of technology companies including Apple, Samsung, Google, LG, and Fitbit [were] identified as potential buyers of Jawbone's US Patents" by a patent research firm, Envision IP. (*Id.*, ¶22.) The online article to which Jawbone Innovations cites says nothing about whether the potential buyers were ever actually contacted. (*Id.*) Based on the specious report from an online article, Jawbone Innovations alleges, on information and belief, that "Envision IP (and other parties) contacted Apple regarding the value of the Patents-in-Suit." (*Id.*) Jawbone Innovations does not allege when or how Envision IP made this alleged contact, or if and what other parties contacted Apple, or when or how they did so.

After Apple filed a motion to dismiss exposing the inadequacy of the pleadings regarding Apple's alleged knowledge of the patents, Jawbone Innovations filed the FAC. The FAC contains one allegation related to Apple's purported knowledge of any of the patents-in-suit. Specifically, Jawbone Innovations alleges that Apple listed the '091 patent in an information disclosure to the United States Patent & Trademark Office.  (FAC, ¶23.) That single allegation then yields a string of speculations by Jawbone Innovations. Because Apple is a "sophisticated technology company," Jawbones Innovations assumes that Apple must have investigated and discovered the '072 patent, which is a continuation of the '091 patent, and that through that investigation, Apple must have also discovered all other asserted patents, which have overlapping inventors. (FAC, ¶¶24-27.) Jawbone Innovations also speculates that "as a sophisticated technology company," Apple must have monitored related patent filings and analyzed each of the asserted patents to determine how its products will infringed at that time.

4

(FAC, ¶29.) In the alternative, Jawbone Innovations contends that to the extent Apple did not investigate infringement, it has been willfully blind, though it offers no allegations sufficient to establish that Apple had anything about which to be willfully blind. (FAC, ¶58.) Jawbone Innovations's new allegations do not set forth any facts sufficient to plausibly demonstrate that Apple knew of the asserted patents, much less that Apple had the specific intent to induce infringement. Jawbone Innovations's mere recitation of the element that Apple knew or took deliberate steps to avoid learning that those acts infringe cannot suffice to plausibly plead infringement because this recitation amounts to a legal conclusion insufficient to establish willful infringement as plausible.

Jawbone Innovations's indirect and willful infringement claims[3] fail to meet the pleading requirements and should be dismissed.

## II.   LEGAL STANDARDS

### A.   Failure to State a Claim Under Rule 12(b)(6)

A complaint must "give … fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 1964 (2007). Dismissal for failure to state a claim under Rule 12(b)(6) is proper if the complaint fails to allege "enough facts to state a claim to relief that is plausible on its face" and "nudge[] [the] claims across the line from conceivable to plausible." *Twombly*, 550 U.S. at 570; *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556, 127 S. Ct. at 1955).

---

[3] *See, e.g.,* ¶¶ 47-63 (pleading allegations of induced and willful infringement as to the '091 patent).

While all well-pleaded factual allegations should be accepted as true and construed in the light most favorable to the nonmovant, *Bowlby v. City of Aberdeen, Miss.*, 681 F.3d 215, 219 (5th Cir. 2012), they must still be sufficient to "raise a right to relief **above the speculative level**." *Cevallos v. Silva*, 541 F. App'x. 390, 392 (5th Cir. 2013) (citing *Twombly*, 550 U.S. at 555) (emphasis added). A court is "not bound to accept as true a legal conclusion couched as a factual allegation" and "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, will not suffice." *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555. A claim is properly dismissed if its allegations only allow the court to infer "the mere possibility of misconduct." *Cevallos*, 541 F. App'x. at 392 (citing *Iqbal*, 556 U.S. at 679). Further, leave to amend to cure pleading defects should be denied if the claim is futile, legally insufficient on its face, or frivolous. *Angus v. Mayorkas*, No. 1:20-CV-00242-LY-SH, 2021 WL 4434932 (W.D. Tex. Sep. 24, 2021) (Hightower, J.), *R. & R. adopted*, *Angus v. Mayorkas*, No. 1:20-CV-00242-LY-SH-64 (W.D. Tex. Nov. 4, 2021) (Yeakel, J).

**B.     Induced Infringement**

To plead induced infringement, a plaintiff must allege facts showing that the accused infringer: (1) had actual knowledge of the patent or was willfully blind to the existence of the patent; (2) knowingly induced a third-party to infringe the patent; and (3) had specific intent to induce the patent infringement. *DSU Med. Corp. v. JMS Co., Ltd.*, 471 F.3d 1293, 1305-06 (Fed. Cir. 2006); *Kirsch Rsch. & Dev., LLC v. IKO Indus., Inc.*, No. 6:20-CV-00317, 2021 WL 4555608, at *1 (W.D. Tex. Oct. 4, 2021) (Albright, J.). Allegations that merely repeat the language of § 271(b) without adding factual allegations, or that are merely conclusory and speculative, are properly dismissed. *See e.g., Nobelbiz, Inc. v. Insidesales.com, Inc.*, No. 6:13-cv-360, 2014 WL 12378804, at *4 (E.D. Tex. Oct. 14, 2014); *Affinity Labs of Tex., LLC v. Toyota*

*Motor N. Am. Inc.*, No. W:13-cv-365, 2014 WL 2892285, at *4-8 (W.D. Tex. May 12, 2014) (Smith, J.).

  **C.**  **Willful Infringement**

  Willful infringement is "deliberate or intentional infringement." *SRI Int'l, Inc. v. Cisco Sys., Inc.*, 14 F.4th 1323, 1330 (Fed. Cir. 2021). To state a claim for willful infringement, a plaintiff must plead facts plausibly showing that the accused infringer "(1) knew of the patent-in-suit; (2) after acquiring that knowledge, it infringed the patent; and (3) in doing so, it knew, or should have known, that its conduct amounted to infringement of the patent." *Monolithic Power Sys., Inc. v. Meraki Integrated Cir. (Shenzhen) Tech., Ltd.*, No. 6:20-CV-008876, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (Albright, J.) (quoting *Valinge Innovation AB v. Halstead New England Corp.*, No. CV 16-1082, 2018 WL 2411218, at *13 (D. Del. May 29, 2018)).

**III.**  **ARGUMENT**

  **A.**  **Jawbone Innovations's Complaint Fails to State a Claim for Induced Infringement**

  Jawbone Innovations's indirect infringement allegations, which are limited to induced infringement, fail to rise to the level necessary to state a claim. This Court has reasoned that a plaintiff relying on a purported contact with the accused infringer as a basis for alleging the accused infringer knew about the asserted patent must allege concrete facts about the "nature, content and depth" of the contact to elevate the allegations to the required level of plausibility. *Kirsch*, 2021 WL 4555608 at *2. Here, Jawbone Innovations does not rely on any purported contact because Jawbone Innovations does not allege that Envision IP actually contacted Apple. Instead, it merely **speculates** that Envision IP **may have** contacted Apple regarding the value of the patents-in-suit because Apple was among "a host of technology companies" that were

7

allegedly "identified as potential buyers of Jawbone's US Patents." (FAC, ¶22.) Jawbone Innovations offers no facts about the "nature, content and depth" of the purported contact because Jawbone Innovations has no basis to allege the contact actually occurred. Jawbone Innovations's allegation regarding Envision IP is insufficient to establish that Apple plausibly knew of the asserted patents and intended to induce others to infringe them.

Jawbone Innovations's new allegations regarding Apple's purported knowledge of the asserted patents fare no better. Jawbone Innovations alleges that the '091 patent was cited during the prosecution of a patent assigned to Apple. Such an allegation is insufficient to plead pre-suit knowledge of the patent. *See Core Optical Techs., LLC v. Nokia Corp.*, No. SA-CV-1902-190-JAK-RAOX, 2020 WL 6126285, at *7 (C.D. Cal. Oct. 8, 2020) (dismissing claims for indirect infringement where plaintiff alleged defendant had knowledge of the asserted patent because defendant owned six patents against which the asserted patent was cited as prior art during prosecution); *Princeton Digital Image Corp. v. Ubisoft Ent. SA*, No. CV 13-335-LPS-CJB, 2017 WL 6337188, at *1 (D. Del. Dec. 12, 2017) ("At the motion to dismiss stage, allegations that a defendant cited or referenced a patent during prosecution are generally not sufficient, alone, to support an inference of pre-suit knowledge of that patent."). Likewise, citation to the '091 patent in a patent prosecution proceeding does not support a plausible inference that Apple had knowledge of other related patents. *See Vasudevan Software, Inc. v. TIBCO Software Inc.*, No. C 11-06638 RS, 2012 WL 1831543, at *3 (N.D. Cal. May 18, 2012) ("The requisite knowledge of the patent allegedly infringed simply cannot be inferred from mere knowledge of other patents, even if somewhat similar."). In short, Jawbone Innovations cannot plausibly plead that Apple had knowledge of the asserted patents just because Apple is a "sophisticated technology company" that cited one of the nine asserted patents in a single patent prosecution proceeding.

8

And yet, that is the only allegation of fact added by Jawbone Innovations to its FAC intended to overcome the deficiencies identified in Apple's original motion to dismiss.

The mere recitation of the legal element of willful blindness, unsupported by factual allegations, cannot cure Jawbone Innovations's deficient allegations on knowledge. Further, Jawbone Innovations alleges no facts supporting even an inference that Apple had the specific intent to induce others to infringe the asserted claims. For example, Jawbone Innovations alleges that Apple's "instruction manuals, websites, promotional materials, advertisements, and other information demonstrate to others, including customers, prospective customers, and distributors, how to use the Accused Products in an infringing manner." (FAC, ¶59.) But this allegation falls far short of the pleading requirements because it does not even suggest whether Apple had the specific intent to induce infringement. *See Affinity Labs*, 2014 WL 2892285, at *7 (finding plaintiff's "generalized allegations that Toyota induced others to infringe the Asserted Patents through its marketing and sales tactics [were] likewise insufficient"). Because Jawbone Innovations has failed to meet the pleading requirements for knowledge and specific intent, Jawbone Innovations's induced infringement claims should be dismissed.

B.     **Jawbone Innovations's Complaint Fails to State a Claim for Willful Infringement**

Jawbone Innovations's failure to adequately plead facts to support an inference that Apple knew about the asserted patents is also fatal to its willful infringement claims. *Kirsch*, 2021 WL 4555608, at *2 (granting motion to dismiss inducement and willful infringement claims where plaintiff did not plead facts to support knowledge allegation); *see also WBIP, LLC v. Kohler Co.*, 829 F.3d 1317, 1341 (Fed. Cir. 2016) (prerequisite for enhanced damages is knowledge of the patent); *M & C Innovations*, 2018 WL 4620713, at *2-4 (pre-suit willfulness claim requires knowledge of the patent); *Touchscreen Gestures, LLC v. Res.in Motion Ltd.*, No.

9

6:12CV263, 2013 WL 8505349, at *2-3 (E.D. Tex. Mar. 27, 2013) (willfulness claim in original complaint must be grounded exclusively in defendant's pre-suit conduct and requires knowledge of the patent).

The allegation that Apple cited the '091 patent to the USPTO is insufficient to show Apple had knowledge of the '091 patent to make out a claim for willful infringement. *See Intell. Ventures I LLC v. Symantec Corp.*, 234 F. Supp. 3d 601, 611 (D. Del. 2017), *aff'd*, 725 F. App'x 976 (Fed. Cir. 2018) (finding that evidence that defendant had cited asserted patent on face of two patents was insufficient to conclude defendant had knowledge of the patent for supporting a finding of willfulness); *Callwave Commc'ns LLC v. AT&T Mobility LLC*, No. 12-1701, 2014 WL 5363741, at *2 (D. Del. Jan. 28, 2014) (granting motion to strike willfulness claim where "Google had knowledge of one of the patents as evidenced by citation to the patent in multiple Information Disclosure Statements relating to Google patents" because "[t]his solitary piece of information is insufficient to support an allegation of willfulness"); *Cordance Corp. v. Amazon.com, Inc.*, 639 F. Supp. 2d 406, 412-17 (D. Del. 2009) (granting summary judgment of no willfulness where patentee alleged notice of patent based on a citation during prosecution of one of defendant's patents). Jawbone Innovations's speculations that Apple obtained knowledge of the other asserted patents based on its purported knowledge of the '091 patent fails for the same reason.

Jawbone Innovations's willful infringement allegations fail for another reason. The FAC does not sufficiently allege that Apple deliberately and intentionally infringed the patents. To be sure, Jawbone Innovations parrots the language of the elements for willfulness: "Defendant has willfully infringed, and continues to willfully infringe, the '072 Patent by intentionally and deliberately carrying out acts of direct and indirect infringement, while knowing, or taking

10

deliberate steps to avoid learning, that those acts infringe." (FAC, ¶92.) Merely reciting claim elements, however, does not satisfy the pleading requirements. *See Iqbal*, 556 U.S. at 678 ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.").

Also, Jawbone Innovations's allegations of knowledge of the patent cannot do double time for knowledge of infringement. But that is exactly what Jawbone Innovations attempts in alleging willful infringement: "For example, upon information and belief, Defendant has known of Jawbone's patents, including the '072 patent, at least since May 2015 but has not ceased infringement." (FAC, ¶92.) A plaintiff cannot stretch allegations regarding knowledge of a patent as a basis to suggest an accused infringer also knew that its alleged acts infringed that patent. *See Monolithic Power Sys., Inc. v. Meraki Integrated Cir.* (Shenzhen) Tech., Ltd., No. 6:20-CV-008876, 2021 WL 3931910, at *5 (W.D. Tex. Sept. 1, 2021) (Albright, J.) ("MPS contends that Meraki's founder's knowledge of the asserted patents leads to a plausible inference that they knew their conduct amounted to infringement. However, these are distinct elements, and without more factual allegations supporting knowledge of infringement, the pleading standard is not met."). As this Court previously found in *Monolithic Power*, knowledge of an asserted patent and knowledge of infringement of that asserted patent are distinct elements, and Jawbone Innovations's allegations fail to establish either element. Its claims of willful infringement should therefore be dismissed.

## IV. CONCLUSION

Apple respectfully requests that the claims for induced infringement and willful infringement be dismissed with prejudice.

11

Dated: January 20, 2022                                   **FISH & RICHARDSON P.C.**


By:  */s/ Ricardo J. Bonilla*
     J. Stephen Ravel
     Texas State Bar No. 16584975
     KELLY HART & HALLMAN LLP
     303 Colorado, Suite 2000
     Austin, Texas 78701
     Tel: (512) 495-6429
     Email: steve.ravel@kellyhart.com

     Ricardo J. Bonilla
     Texas Bar No. 24082704
     rbonilla@fr.com
     FISH & RICHARDSON P.C.
     1717 Main Street, Suite 5000
     Dallas, TX 75201
     (214) 747-5070 – Telephone
     (214) 747-2091 – Facsimile

     Benjamin C. Elacqua
     Texas Bar No. 24055443
     elacqua@fr.com
     FISH & RICHARDSON P.C.
     1221 McKinney Street, Suite 2800
     Houston, Texas 77010
     (713) 654-5300 – Telephone
     (713) 652-0109 – Facsimile

     Betty H. Chen
     Texas Bar No. 24056720
     bchen@fr.com
     FISH & RICHARDSON P.C.
     500 Arguello St., Suite 500
     Redwood City, CA 94063
     (650) 839-5067 – Telephone
     (650) 839-5071 - Facsimile

     **COUNSEL FOR DEFENDANT**
     **APPLE INC.**

## **CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served on January 20, 2022, to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

                                            */s/ Ricardo J. Bonilla*
                                            Ricardo J. Bonilla