## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF TEXAS
## WACO DIVISION

| | | |
|---|---|---|
| **JAWBONE INNOVATIONS, LLC,** <br> *Plaintiff,* | § <br> § <br> § | |
| *v.* | § <br> § <br> § | **Civil Action 6:21-cv-00984-ADA** |
| **APPLE INC.,** <br> *Defendant.* | § <br> § <br> § <br> § | |

## <u>DISCOVERY DISPUTE ORDER</u>

The Court rules on the following discovery dispute between Plaintiff and Defendant.

### <u>Apple's Statement</u>

The immense scope of Jawbone Innovations's infringement case is untenable because Jawbone Innovations has asserted an excessive number of claims. With the exception of the '543 Patent, Jawbone Innovations has asserted every claim of every asserted patent for a total of 203 claims. What's more, Jawbone Innovations asserts all 203 claims against over 50 Apple products, including "all versions and variants" of MacBooks, iPhones, and AirPods manufactured since 2015. The sheer number of asserted claims against the identified accused products contradicts the purpose of infringement contentions: to "streamline discovery and narrow the issues for claim construction, summary judgment, and trial." *Mobile Telecomms. Techs., LLC v. Blackberry Corp.*, No. 3:12-CV-1652, 2016 WL 2907735, at *1 (N.D. Tex. May 17, 2016); *see also Quartz Auto Techs. LLC v. Lyft, Inc.*, 6:20-cv-00156-ADA (Albright, J.) (W.D. Tex. July 4, 2020) (ordering plaintiff to narrow number of asserted claims to 50 prior to exchanging claim terms for construction). As just one example of the untenable nature of Jawbone Innovations's assertion, this Court limits the total number of claim terms to be construed to 12 terms when more than five

patents are asserted. The parties will be hard pressed to arrive at just 12 terms to submit to the Court when there are over 200 claims being asserted.

Consequently, Apple sent a letter to Jawbone Innovations on February 1, 2020, requesting, among other things, that Jawbone Innovations narrow the number of claims it is asserting. During a meet-and-confer on February 22, Jawbone Innovations refused, insisting that Apple must first serve invalidity contentions and its accompanying technical document production before Jawbone Innovations would consider any reduction in the number of asserted claims in this case. Jawbone Innovations thus insists on forcing Apple to expend significant resources to address dozens of claims that will not be asserted at trial.

Under similar circumstances in other cases, this Court has ordered plaintiffs to significantly reduce the number of asserted claims **before** requiring defendants to serve invalidity contentions. *See, e.g., Jenam Tech., LLC v. Google LLC*, No. 6:20-cv-00453-ADA, Dkt. No. 35 (W.D. Tex. Aug. 28, 2020) (reducing claims from over 450 to 65 total); Tr. of Oral Argument at 11:18–13:20, *Onstream Media Corp. v. Facebook, Inc.*, No. 1:20-cv-00214-ADA, Dkt. No. 34 at 12-13 (W.D. Tex. June 3, 2020) (reducing claims from 118 to 12 independent claims); *see also Dexcom, Inc. v. Abbott Diabetes Care, Inc.*, No. 6:21-cv-00690, Dkt. No. 57 (W.D. Tex. Nov. 16, 2021) (reducing claims from over 300 to no more than 100 and extending deadline for service of invalidity contentions).

### Jawbone's Statement

Jawbone respectfully submits that Apple's request to reduce the number of asserted claims to 65 is premature and unwarranted before service of invalidity contentions and Apple's initial production. *In re Katz Interactive Call Proc. Litig.*, 639 F.3d 1303, 1313 n.9 (Fed. Cir. 2011) ("[A] claim selection order could come too early in the discovery process, denying the plaintiff the

opportunity to determine whether particular claims might raise separate issues of infringement or invalidity in light of the defendants' accused products and proposed defenses."). Jawbone notes that Apple did not seek to meet and confer with Jawbone's lead counsel prior to requesting Jawbone's position on this issue, and informed Jawbone that it considered its discussion with non-lead counsel to satisfy the lead counsel meet and confer requirement.  Notwithstanding Apple's refusal to follow the Court's procedures, Jawbone provides its position herein.

Jawbone informed Apple that it would agree to a phased reduction of asserted claims and prior art beginning after Apple's invalidity contentions and initial production; Apple refused and instead asks the Court to reduce asserted claims now.

The Court should deny Apple's request because important aspects of the accused products' relevant functionality and operation are not readily apparent from public documents.  Thus, Jawbone requires Apple's production to determine the strength of the infringement read for each claim.  Moreover, Jawbone requires Apple's invalidity contentions to properly assess the strength of each claim.  Accordingly, without Apple's production of its internal technical documents that show the operation of the accused products, and without Apple's invalidity contentions, Jawbone is not able to make an informed determination of which claims are most appropriate to assert. *Arctic Cat, Inv. v. Polaris Indus. Inc.*, 2015 WL 3756409, at *4 (D. Minn. 2015) (noting that patentee was "entitled to discover Arctic Cat's infringement and invalidity contentions prior to reducing its claims. Polaris cannot know what claims raise separate issues of infringement or invalidity until after Arctic Cat serves its invalidity and non-infringement defenses.")

Indeed, numerous Courts have noted that limiting claims is not appropriate before the patentee receives discovery and invalidity contentions. *E.g.*, *Carl Zeiss AG v. Nikon Corp.*, 2018 WL 1858183, at *1-2 (C.D. Cal. Mar. 1, 2018) (denying motion to limit claims before discovery

was complete); *Regents of the Univ. of Minn. v. AT&T Mobility LLC*, 2016 WL 7670604, at *2 (D. Minn. 2016) ("Without better understanding which of the University's claims are viable and which are not—an understanding that will only be gained through further fact discovery that is far from being concluded—the Court has a paucity of information against which to gauge what an appropriate number of claims should be in this case."); *see also In re Katz*, 639 F.3d at 1313 n.9. The situation here is no different and Jawbone should receive at least Apple's invalidity contentions and initial production before reducing the number of asserted claims. The Court should therefore deny Apple's request to delay its invalidity contentions.

## **ORDER**

The Court generally will not require a plaintiff to reduce its number of asserted claims without the benefit of discovery, claim construction, and invalidity contentions.  The Court hereby **DENIES** Apple's request for relief in its entirety.  The Court reminds Plaintiff to meet and confer in good faith to reduce the number of asserted claims before the ordered deadlines, and a refusal to do so will be held against Plaintiff at that time.

SIGNED this 8th day of March, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE