IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| JAWBONE INNOVATIONS, LLC, §  *Plaintiff*, § | | |
| § | | |
| v. § | | Civil No. 6:21-CV-00984-ADA |
| § | | |
| APPLE INC., § *Defendant.* § | | |

## ORDER GRANTING MOTION FOR RECONSIDERATION

This opinion memorializes the Court's decision on Plaintiff Jawbone Innovation LLC's ("Jawbone" or "Plaintiff") Motion to Reconsideration. ECF No. 94 (requesting reconsideration of ECF No. 93). The Court hereby **GRANTS** the motion.

### A.   History of the Case

This case was filed on September 23, 2021. Apple Inc. ("Apple" or "Defendant") filed its transfer motion on May 2, 2022. The Court's Order Governing Proceedings ("OGP") sets rules governing motions to transfer. OGP § IV.  For cases filed before March 7, 2022, the OGP refers to the Second Amended Standing Order Regarding Motions for Inter-District Transfer. *Id*. The Second Amended Standing Order Regarding Motions for Inter-District Transfer sets a three-month deadline for venue discovery from the filing of the initial motion, another two weeks for the Plaintiff's response, and another two weeks for the Defendant's reply.

Thus, venue discovery should have concluded on August 2, 2022, which is three months from the transfer motion filing on May 2, 2022. Plaintiff's response was due on August 16, 2022, which is two weeks thereafter. Defendant's reply was due on August 30, 2022.

Due to Apple's pending transfer motion, the Court needed to reschedule the *Markman* hearing originally set for July 27, 2022 to comply with the Federal Circuit's order. ECF No. 66;

1

ECF No. 76; *In re SK Hynix Inc.*, 835 F. App'x 600, 601 (Fed. Cir. Feb. 1, 2021) ("the district court must stay all proceedings concerning the substantive issues in the case until such time that it has issued a ruling on the transfer motion."). The Court rescheduled the *Markman* hearing for September 22, 2022 so that the Court would have at least three weeks to rule on the transfer motion after the conclusion of briefing on August 30, 2022. ECF No. 89.

On August 24, 2022, the parties filed a Joint Notice Regarding Venue Discovery and Briefing. ECF No. 86. The Parties modified their own discovery deadlines as permitted by the Court. However, the Parties also improperly modified Jawbone's opposition deadline to September 8, 2022 and Apple's Reply to September 22, 2022.

This modification of the briefing deadline violates the Court's rules. The Court's Amended Standing Order Regarding Joint or Unopposed Request to Change Deadlines allows parties to stipulate to any deadline change that "does not extend any deadline of a final submission that affects the Court's ability to hold a scheduled hearing." Modifying the transfer opposition deadline without motion violated this rule. Setting Apple's reply to September 22, 2022—the same date as the *Markman* hearing—also violates this rule because the Court cannot hold the *Markman* hearing before ruling on the motion to transfer.

Because the parties violated the Court's deadlines, the Court issued an order (ECF No. 93) striking all transfer briefing (ECF No. 90, 91, 92) filed after August 30, 2022 as untimely and granting Apple's Motion to Transfer (ECF No. 38) as unopposed.

**B.      The Court DENIES Reconsideration Based on Misunderstanding**

Jawbone argues that the Court should reconsider its transfer decision because Jawbone believed at all times that it complied with the Court's rules. In particular, Jawbone believed that changing the transfer briefing deadlines had no effect on a yet-unscheduled transfer hearing.

Jawbone did not understand that changing the briefing deadlines would affect the Court's ability to hold the Markman hearing.

The Court finds this inexcusable. The OGP explicitly codifies the *SK Hynix* mandate from the Federal Circuit. OGP § VI ("If a motion to transfer remains pending, the Court will either promptly resolve the pending motion before the *Markman* hearing, or postpone the *Markman* hearing."). The Court's rules explicitly describe the relationship between the conclusion of transfer briefing and the ability to hold *Markman* hearings.  The parties must timely file their transfer briefs so that the Court can issue its opinion on any transfer motion before preparing for the *Markman* hearing.

### C. The Court GRANTS Reconsideration

Jawbone argues that the parties bear joint responsibility for agreeing to changing the briefing deadlines without filing a motion, but the Court's order disproportionately impacts Jawbone by granting Apple's motion to transfer. Evidence shows that the parties were both involved in extending transfer briefing deadlines without the Court's permission.

Since the filing of Jawbone's motion to reconsider, scheduling conflicts arose and require the Court to postpone the *Markman* hearing anyway. This gives the Court additional time to consider the parties' late briefing while avoiding the disproportionate impact. The Court will thus **VACATE** its Transfer Order (ECF No. 93).

### D. Conclusion

**IT IS HEREBY ORDERED**:

Jawbone's Motion to Reconsider ECF No. 94 is **GRANTED**.  The Court's Transfer Order (ECF No. 93) is **VACATED**. Jawbone's transfer briefing (ECF Nos. 90, 91, 92) are **NO**

**LONGER STRICKEN**. The *Markman* hearing set for September 22, 2022 will be rescheduled for a later date. Any remaining transfer briefing is due by September 21, 2022.

All counsel are further **ORDERED** to meet and confer with each other to review the Court's standing orders. Counsel are reminded to take note of the Court's recent updates in OGP 4.2 and in its pretrial procedures.

SIGNED this 20th day of September, 2022.

ALAN D ALBRIGHT
UNITED STATES DISTRICT JUDGE